HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADNAN ABU SELEH, a resident of the State of Washington, on behalf of himself and his marital community,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF TRANSPORTATION,<br><br>Defendants. | CASE NO. 2:21-cv-00457-RAJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion for Judgment on the Pleadings ("Motion"). Dkt. # 17. Plaintiff opposes the Motion. Dkt. # 19. For the reasons that follow, the Court **GRANTS** the Motion and dismisses Plaintiff's amended complaint with prejudice.

## II. BACKGROUND

In November 2018, Plaintiff filed a complaint in Washington state court for claims arising out of his employment at the Washington State Department of Transportation

("WSDOT"). Dkt. # 17-1. Plaintiff alleged that he was subjected to discrimination, a hostile work environment, and retaliation based upon race, national origin, religion and disability. *Id*. at 2. He complained that he was denied promotions, experienced unwarranted discipline and negative performance reviews, and was subjected to harassment, theft, investigation, and a lack of meaningful work. *Id*. at 3. About a year after the complaint was filed, in October 2019, WSDOT terminated Plaintiff from his employment. Dkt. # 17-2 at 5. In April 2020, Plaintiff amended his complaint to include allegations for wrongful termination. *Id.* In May 2020, the parties settled the action with a Stipulated Judgment under Civil Rule 68. Dkt. # 17-4. In June 2020, the court approved and entered the Stipulated Judgment. *Id.*

In April 2021, Plaintiff filed a complaint in this Court alleging that he was subject to discrimination, a hostile work environment and retaliation based upon race, national origin, age and sex. *See* Dkt. # 1. He alleged that WSDOT denied him promotions and training, and then wrongfully terminated him. *Id*. In August 2021, Plaintiff amended his complaint. Dkt. # 9. The amended complaint includes claims under Title VI and Title VII of the Civil Rights Act, and 42 U.S.C. § 1981. *Id.* In June 2022, Defendant moved for judgment on the pleadings. Dkt. # 17.

### III.    LEGAL STANDARD

#### A.  FRCP 12(c)

Defendant has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). In evaluating a Rule 12(c) motion, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004). Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 528 (9th Cir. 1997).

Generally, a court may not consider any material beyond the pleadings in ruling on

a Rule 12(c) motion, but a "court may consider facts that are contained in materials of which the court may take judicial notice." *Heliotrope General, Inc. v. Ford Motor C*o., 189 F.3d 971, 981 n.18 (9th Cir. 1999) (internal quotations and citation omitted). In the preclusion context, a federal court may take judicial notice of the record in a earlier proceeding. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir. 2005); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002). Here, the Court takes judicial notice of documents within the parties' state court case. Dkt. ## 17-1–17-5.

### IV. DISCUSSION

#### A. Claim preclusion bars Plaintiff's Title VI and Title VII claims

In its motion, WSDOT argues that claim preclusion, or *res judicata*, bars Plaintiff's Title VI and Title VII claims. Dkt. # 17 at 2-3. Plaintiff argues that claim preclusion does not apply here because his federal discrimination claims are both factually and legally distinct from his prior state law claims. Dkt. # 19 at 2. Additionally, Plaintiff contends that a stipulated judgment is not a judgment "on the merits," and thus has no preclusive effect. *Id.* For the reasons below, the Court agrees with Defendant.

Federal courts "determine the preclusive effect of a state court judgment by applying that state's preclusion principles." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014). Under Washington law, claim preclusion "prohibits the relitigation of claims and issues that were litigated, or could have been litigated, in a prior action." *Karlberg v. Otten*, 167 Wash.App. 522, 535 (2012). "The threshold requirement of [claim preclusion] is a final judgment on the merits in the prior suit." *Hisle v. Todd Pac. Shipyards Corp*., 151 Wash.2d 853, 865 (2004). After establishing that requirement, the moving party must show that the subsequent action is identical with the prior action in four respects: "(1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made." *Rains v. State*, 100 Wash.2d 660, 663 (1983).

**1. Final judgment on the merits**.

The parties disagree on whether the Rule 68 judgment in the first action constitutes a final judgment. Washington case law does not squarely address the issue, noting only that a stipulated dismissal with prejudice is a final judgment for purposes of claim preclusion. *Berschauer Phillips Const. Co. v. Mut. of Enumclaw Ins. Co.*, 175 Wn. App. 222, 228 n.11 (2013).

However, Washington's Civil Rule 68 is virtually identical to Federal Rule of Civil Procedure 68. *Lietz v. Hansen L. Offs., P.S.C.*, 271 P.3d 899, 904 (2012). Thus, in the absence of state authority, Washington courts look to federal interpretation of the equivalent rule. *Id.* Federal courts have generally concluded that an accepted Rule 68 offer constitutes a final judgment for purposes of claim preclusion. *See, e.g.*, *California Dep't of Corr. & Rehab.*, 691 Fed.Appx. 433 (9th Cir. 2017) (unpublished) (affirming district court's finding of *res judicata* where first lawsuit resulted in a Rule 68 judgment); *Wilkes v. Wyoming Dept. of Employment Division of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2002) (holding judgment entered pursuant to Rule 68 Offer of Judgment constitutes final judgment for purposes of *res judicata*). Given this authority, the Court finds that the parties' Rule 68 judgment in the prior action constitutes a final judgment for purposes of claim preclusion.

**2. Identity in subject matter**.

The subject matter between the two actions is identical. Washington courts have not articulated a precise test to determine whether subject matter is identical, but the critical factors are "the nature of the claim or cause of action" and "the nature of the parties." *Eugster v. Washington State Bar Ass'n*, 397 P.3d 131, 147 (2017); *Marshall v. Thurston Cty.*, 267 P.3d 491 (2011). In both suits, Plaintiff alleges that WSDOT discriminated and retaliated against him in the conditions of his employment. The subject matter in both actions is identical and the first requirement for application of *res judicata* is met.

### 3. Identity in cause of action.

The cause of action between the two actions is identical. Washington courts use a four-factor test for determining whether there is an identity in the causes of action. *Emeson v. Dep't of Corr.*, 376 P.3d 430, 437 (2016). Courts evaluate (1) whether the rights or interests established in the prior judgment would be impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Id.*

Plaintiff argues that the WLAD confers "independent statutory rights" and so there cannot be an identity in the cause of action. Dkt. # 19 at 6. But as Defendant correctly points out, Washington law makes clear that federal employment discrimination claims (such as claims under Title VI and Title VII) and claims under Washington's discrimination statute have an identity in the causes of action where the claims rely on the same facts. *See* Dkt. # 17 at 12. In *Emeson v. Dep't of Corrections*, 194 Wash.App. 617 (2016), a Washington appeals court held that two suits, one under Title VII and another under Washington state law, met this requirement. Both suits alleged claims regarding the defendant's failure to reasonably accommodate plaintiff's disabilities, a hostile environment based on race/national origin and disability, and wrongful termination. *Id.* at 624. Both suits stemmed from the same nucleus of operative facts and would require proof by substantially similar evidence. *Id.* at 629, 635. The rights established in the previous judgment would thus be impaired by a subsequent judgment. *Id.* at 629.

This case is no different. Plaintiff brings claims for employment discrimination and retaliation based on the same operative events of the first action—*i.e.*, his lack of promotion and opportunities, and then the termination of his employment.[1] Both suits

---

[1] Plaintiff states that *res judicata* cannot apply because his termination of employment followed the filing of the initial complaint in state court. Dkt. # 19 at 7. This argument is

would require proof by substantially similar evidence. The rights established in the previous judgment would be undone by a judgment in this action.

### 4. Identity in persons and parties; and the quality of the persons for or against whom the claim is made.

The third and fourth elements are also satisfied here. The third and fourth factors—identity of the parties and persons against whom the claims are made—are satisfied where the parties are identical. *DeYoung v. Cenex Ltd.*, 1 P.3d 587 (2000). The parties are the same in this suit as they were in the state court lawsuit. Although Plaintiff adds his marital party to this suit, there is no question as to the privity between the parties to the first suit and the parties to the second suit. *Landry v. Luscher*, 976 P.2d 1274, 1278 (1999).

***

Because all of the claim preclusion factors are met, the Court concludes that Plaintiff's federal discrimination claims under Title VI and Title VII are barred by *res judicata*.

### B. The Eleventh Amendment bars Plaintiff's claim under 42 U.S.C. § 1981

WSDOT argues that the Eleventh Amendment shields it from claims under 42 U.S.C. § 1981. The Court agrees. The Ninth Circuit has held that "[t]here is no doubt that suit under either §§ 1981 or 1983 against [a state agency] is a suit against the state qua state and is, therefore, barred by the Eleventh Amendment." *Peters v. Lieuallen,* 693 F.2d 966, 970 (9th Cir. 1982)*; see also Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 101-103 (1984) (Eleventh Amendment sovereign immunity extends to state

---

without merit. First, Plaintiff amended his state court complaint in June 2020, adding allegations of wrongful termination. And in any event, a plaintiff's federal claims are not exempt from *res judicata* where they failed to obtain right to sue letter during pendency of the first action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 715 (9th Cir. 2001).

agencies and to damage claims against state officials acting in their official capacity). Accordingly, Plaintiff's § 1981 claim must be dismissed with prejudice.

## V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion and dismisses Plaintiff's amended complaint with prejudice. Dkt. # 17.

Dated this 7th day of December, 2022.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge