HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADNAN ABU SELEH, a resident of the State of Washington, on behalf of himself and his marital community,

Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF TRANSPORTATION,

Defendants.

CASE NO. 2:21-cv-00457-RAJ

**ORDER DENYING MOTION FOR RECONSIDERATION**

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Reconsideration. Dkt. # 27. For the reasons below, the Court **DENIES** the Motion.

## II.   BACKGROUND

In November 2018, Plaintiff filed a complaint in Washington state court for claims arising out of his employment at the Washington State Department of Transportation ("WSDOT"). Dkt. # 17-1. Plaintiff alleged that he was subjected to discrimination, a hostile work environment, and retaliation based upon race, national origin, religion and disability. *Id*. at 2. He complained that he was denied promotions, experienced unwarranted discipline

and negative performance reviews, and was subjected to harassment, theft, investigation, and a lack of meaningful work. *Id*. at 3. About a year after the complaint was filed, in October 2019, WSDOT terminated Plaintiff from his employment. Dkt. # 17-2 at 5. In April 2020, Plaintiff amended his complaint to include allegations for wrongful termination. *Id.* In May 2020, the parties settled the action with a Stipulated Judgment under Civil Rule 68. Dkt. # 17-4. In June 2020, the court approved and entered the Stipulated Judgment. *Id.*

In April 2021, Plaintiff filed a complaint in this Court alleging that he was subject to discrimination, a hostile work environment and retaliation based upon race, national origin, age and sex. *See* Dkt. # 1. He alleged that WSDOT denied him promotions and training, and then wrongfully terminated him. *Id*. In August 2021, Plaintiff amended his complaint. Dkt. # 9. The amended complaint included claims under Title VI and Title VII of the Civil Rights Act, and 42 U.S.C. § 1981. *Id*. In June 2022, Defendant moved for judgment on the pleadings and this Court granted the motion. Dkt. ## 17, 25. The Court found that the federal employment discrimination and retaliation claims were based on the same operative events of the state court action—*i.e*., his lack of promotion and opportunities, and then the termination of his employment. Dkt. # 25 at 5-6. Plaintiff now moves for reconsideration. Dkt. # 27.

### III. LEGAL STANDARD

Motions for reconsideration are disfavored under the Local Rules for the Western District of Washington. *See* LCR 7(h)(1). Thus, "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence," such motions will ordinarily be denied. *Id*.

### IV. DISCUSSION

Plaintiff's motion for reconsideration merely rehashes arguments that he already raised regarding claim preclusion and the Eleventh Amendment bar on Section 1981 cases. Not only are these arguments improper for a motion for reconsideration, they are not

ORDER DENYING MOTION FOR RECONSIDERATION- 2

persuasive and misunderstand or misstate applicable law. Plaintiff fails to show that the Court made substantive mistakes of law or fact or that extraordinary circumstances exist requiring reconsideration to prevent manifest injustice. Accordingly, the motion is denied.

## V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration. Dkt. # 27.

Dated this 5th day of April, 2023.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge